IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


BENJIE ARCHULETA,

      Plaintiff,

vs.                                                                                                                             Civ. No. 04-0655 MV/WDS


THE BOARD OF COUNTY
COMMISSIONERS OF SAN MIGUEL
COUNTY, NEW MEXICO, CHRIS NARJA,
SHERIFF OF SAN MIGUEL COUNTY,
NEW MEXICO and CORRECTIONAL
SYSTEMS, INC., a foreign corporation,

      Defendants.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss, **[Doc. 14]**, filed on November 22, 2004. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED**.

## BACKGROUND

On April 27, 2004, Plaintiff filed a Complaint against Defendants in the Fourth Judicial District Court. The case was removed subsequently to federal court. The Court held a Scheduling Conference on August 10, 2004 and filed the Initial Pre-Trial Report ("IPTR") on September 17, 2004. After Plaintiff failed to produce his Initial Disclosures by the deadline set forth in the IPTR, Defendants filed a Motion to Compel Production, or alternatively, for the Court to dismiss the case. Plaintiff did not respond to this Motion. The Court granted the Motion to Compel on November 12, 2004 and entered an order requiring Plaintiff to produce the

required Initial Disclosures within five days. Plaintiff did not do so. Thereafter, Defendants filed a Motion to Dismiss on November 22, 2004. On December 9, 2004, after Plaintiff did not respond to the Motion to Dismiss, Defendants filed a Notice of Completion of Briefing. On December 14, 2004, Plaintiff filed a Response to Defendants' Motion to Dismiss. On December 16, 2004, Plaintiff submitted his Initial Disclosures.

Thereafter, on December 22, 2004, Defendants filed a Motion to Strike Plaintiff's Response to Defendant's Motion to Dismiss or, Alternatively, to File Reply in Support of Motion to Dismiss Out of Time. On February 3, 2005, the Court granted Defendants' Motion and struck Plaintiff's Response as untimely pursuant to D.N.M.LR-Civ. 7.6(a).

## **DISCUSSION**

Defendants seek to dismiss the instant case pursuant to pursuant to Fed. R. Civ. P. 37(b)(2)(C). Rule 37 authorizes the Court to enter judgment against a plaintiff who does not comply with discovery obligations:

> If a party or an officer, director, or managing agent of a party...fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]

Because "dismissal represents an extreme sanction appropriate only in cases of willful misconduct," the Court must ensure that dismissal is a just sanction for the offending party's actions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). Thus, in addition to

considering the culpability of the offending party, a court should consider: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Id.* at 921 (citations and quotations omitted).

"These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921; *see also Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995). "A district court should ordinarily consider and address all of the above factors before imposing dismissal as a sanction. However, often some of these factors will take on more importance than others." *Ehrenhaus*, 965 F.2d at 922. "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate remedy." *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988) (citations omitted).

After due consideration of the *Ehrenhaus* factors, the Court finds that the harsh sanction of dismissal is not warranted in the instant case. First, Defendants have not suffered significant prejudice as a result of Plaintiff's failure to comply with the Court's Order. Although the disclosures were untimely and costly to the Defendants, Plaintiff did file his Initial Disclosures on December 16, 2004. As to the second *Ehrenhaus* factor, the Court finds that Plaintiff's untimeliness has interfered with the judicial process. The discovery deadline of January 7, 2005 has passed without any significant discovery completed by either party. Plaintiff has wasted the increasingly scarce resources of the judiciary. Third, it appears that Plaintiff's lackluster compliance with his discovery obligations is attributable solely to his counsel, not to him.

Plaintiff's counsel failed to make the proper disclosures, pursue any discovery on his behalf, or respect the discovery deadlines set forth by this Court.  Plaintiff, however, cannot be blamed for this behavior.  Fourth, the Court's November 12, 2004 Order did not warn Plaintiff in advance that dismissal of the action would be a likely sanction for noncompliance.

In sum, the Court finds that the ultimate sanction of dismissal is an unnecessarily harsh result in this case.  While Plaintiff's untimeliness has interfered with the judicial process, caused unnecessary delay, and wasted judicial resources, on balance, punishing Plaintiff for his counsel's conduct would create a manifest injustice.  Thus, in the interests of hearing this case on the merits, the Court will overlook counsel's procedural shortcomings.  Plaintiff's counsel should not count on such a reprieve in the future, however.  Plaintiff's counsel again is advised that compliance with the Local Rules, with the Federal Rules of Civil Procedure, and with the deadlines set by this Court is mandatory.  Any future non-compliance may result in a dismissal or other sanctions.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss, **[Doc. 14]**, filed on November 22, 2004, is hereby **DENIED**.

Dated this 3rd day of February, 2005.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

<u>Attorney for Plaintiff</u>:

Anna Aragon


<u>Attorneys for Defendants</u>:

Lara L. White

Michael Jahner