IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


BENJIE ARCHULETA,

      Plaintiff,

vs.                                          Civ. No. 04-0655 MV/WDS


THE BOARD OF COUNTY
COMMISSIONERS OF SAN MIGUEL
COUNTY, NEW MEXICO, CHRIS NARJA,
SHERIFF OF SAN MIGUEL COUNTY,
NEW MEXICO and CORRECTIONAL
SYSTEMS, INC., a foreign corporation,

      Defendants.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Second Motion to Dismiss,

**[Doc. 30]**, filed on March 23, 2005.  The Court, having considered the motion, briefs, relevant

law and being otherwise fully informed, finds that the motion is well taken and will be

**GRANTED**.

## BACKGROUND

On April 27, 2004, Plaintiff filed a Complaint against Defendants in the Fourth Judicial

District Court.  The case was removed subsequently to federal court.  The Court held a

Scheduling Conference on August 10, 2004 and filed the Initial Pre-Trial Report ("IPTR") on

September 17, 2004.  After Plaintiff failed to produce his Initial Disclosures by the deadline set

forth in the IPTR, Defendants filed a Motion to Compel Production, or alternatively, for the

Court to dismiss the case.  Plaintiff did not respond to this Motion.  The Court granted the

Motion to Compel on November 12, 2004 and entered an order requiring Plaintiff to produce the required Initial Disclosures within five days.  Plaintiff did not do so.  Thereafter, Defendants filed a Motion to Dismiss on November 22, 2004.  On December 9, 2004, after Plaintiff did not respond to the Motion to Dismiss, Defendants filed a Notice of Completion of Briefing.  On December 14, 2004, Plaintiff filed a Response to Defendants' Motion to Dismiss.  On December 16, 2004, Plaintiff submitted his Initial Disclosures.

Thereafter, on December 22, 2004, Defendants filed a Motion to Strike Plaintiff's Response to Defendant's Motion to Dismiss or, Alternatively, to File Reply in Support of Motion to Dismiss Out of Time.  On February 3, 2005, the Court granted Defendants' Motion and struck Plaintiff's Response as untimely pursuant to D.N.M.LR-Civ. 7.6(a).  At the same time, the Court denied Defendants' Motion to Dismiss **[Doc. 24]**.  In its opinion, the Court warned Plaintiff that any future non-compliance with discovery would result in dismissal or other sanctions.  On March 9, 2005, Magistrate Judge Schneider issued an Order directing Plaintiff to provide medical releases and supplemental initial disclosures within seven days **[Doc. 28]**. Despite this Court's clear admonishment that compliance with applicable rules and deadlines was mandatory, Plaintiff failed to comply with Magistrate Judge Schneider's Order.

Defendants then filed a second motion to dismiss **[Doc. No. 30]**.  After Plaintiff failed to respond to the motion within the deadlines prescribed in the Local Rules, the Court issued an order for Plaintiff to show cause, by May 12, 2005, why the case should not be dismissed **[Doc. No. 36]**.  Plaintiff failed to respond to the Court's order.

## DISCUSSION

Defendants seek to dismiss the instant case pursuant to Fed. R. Civ. P. 37(b)(2)(C).  Rule 37 authorizes the Court to enter judgment against a plaintiff who does not comply with discovery obligations:

> If a party or an officer, director, or managing agent of a party...fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> > (C)  An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]

Because "dismissal represents an extreme sanction appropriate only in cases of willful misconduct," the Court must ensure that dismissal is a just sanction for the offending party's actions.  *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). Thus, in addition to considering the culpability of the offending party, a court should consider:  (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.  *Id.* at 921 (citations and quotations omitted).

"These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921; *see also Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995). "A district court should ordinarily consider and address all of the above factors before imposing

dismissal as a sanction. However, often some of these factors will take on more importance than others." *Ehrenhaus*, 965 F.2d at 922.  "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate remedy." *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988) (citations omitted).

After due consideration of the *Ehrenhaus* factors, the Court finds that dismissal is warranted in the instant case.  First, Plaintiff's repeated failures to comply with his discovery obligations "have severely prejudiced the defendants' ability to defend this suit and prepare for trial." *Llamas ex rel. D.T. Jr. v. City of Topeka, Kan.*, 2005 WL 767848 at *4 (D. Kan. March 8, 2005).  By his inaction, Plaintiff has forced Defendants to file several motions to compel discovery, as well as motions to extend discovery and other case management deadlines with Magistrate Judge Schneider.  Further, Plaintiff has forced Defendants to file several motions to dismiss in this Court.  This is a waste of Defendants' time and the Court's time.  Moreover, Defendants now face mounting attorney's fees.  *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993)

As of today, Plaintiff has failed to respond to the instant Motion to Dismiss, has failed to supplement his Initial Disclosures as ordered by Magistrate Judge Schneider, and has failed to respond to the Court's Order to Show Cause.  Thus, as to the second *Ehrenhaus* factor, the Court finds that Plaintiff's untimeliness has interfered with the judicial process.  The new discovery deadline of May 27, 2005 is fast approaching with little discovery completed by either party.[1]  Plaintiff has wasted the increasingly scarce resources of the judiciary and has frustrated

---

[1] Defendants note that during Plaintiff's deposition on March 7, 2005, Plaintiff testified about medical treatment that he had not disclosed in either his interrogatory answers or his Initial Disclosures.  As a result, Magistrate Judge Schneider agreed that extension of case management

the entire judicial process.

Third, while it appears that Plaintiff's lackluster compliance with his discovery obligations is attributable solely to his counsel, not to him, the Court sternly warned his counsel in its February 3, 2005 Order that the rules of this Court are mandatory, not precatory guidelines, and that compliance with them is mandatory.  In spite of this, Plaintiff's counsel[2] again has failed to make the proper disclosures, pursue any discovery on his behalf, respect the discovery deadlines set forth by this Court, or respond to the Court's Order to Show Cause.  As such, Plaintiff has "flouted the court's authority."  *Ehrenhaus*, 965 F.2d at 921. While lesser sanctions could be efficacious in a case such as this, Plaintiff's past noncompliance and unresponsiveness suggests that anything less than dismissal would be too lenient.  As noted by the *Ehrenhaus* court, if a party "could ignore court orders here without suffering the consequences, then the district court cannot administer orderly justice, and the result would be chaos." *Id*. (quotations omitted).


In sum, the Court finds that the sanction of dismissal is appropriate in this case. Plaintiff's unresponsiveness has interfered significantly with the judicial process, caused unnecessary delay, and wasted judicial resources.  While punishing Plaintiff for his counsel's conduct is unfair, the Court is unable to overlook his counsel's procedural failings any longer, particularly after counsel received stern warning that dismissal was a likely sanction and after the Court has given Plaintiff's

---

deadlines was necessary so that Defendants could follow-up on Plaintiff's previously-undisclosed medical treatment.

[2] The Court notes that another lawyer, Alan Maestas, entered his appearance on behalf of Plaintiff on March 31, 2005 **[Doc. No. 31]**.  Anna Aragon has not withdrawn from the case. Thus, Plaintiff has two lawyers working on his behalf and is still unable to comply with his obligations.

counsel the opportunity to explain their behavior.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss, **[Doc. 30]**, filed

on March 23, 2005, is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that this case is hereby dismissed without prejudice.


Dated this 17th day of May, 2005.


_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE



Attorney for Plaintiff:
Anna Aragon
Alan Maestas

Attorneys for Defendants:
Lara L. White
Michael Jahner

-6-